UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mose A. El,

    Plaintiff,                                CIVIL ACTION NO. 15-CV-13941

vs.                                      DISTRICT JUDGE GEORGE CARAM STEEH

                                        MAGISTRATE JUDGE MONA K. MAJZOUB

Justin Hardin and C.R. England,

    Defendants.
_____/

REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:**    The undersigned recommends that Plaintiff's case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B), without prejudice, because Plaintiff has failed to state a claim upon which relief may be granted.

**II.**    **REPORT:**

Plaintiff Mose A. El brings this pro se action against Defendants Justin Hardin and C.R. England under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 for wrongful discharge.  (*See* docket nos. 1, 5, 6, and 15.)   In his initial Complaint, Plaintiff alleges claims against Defendant Hardin, his fleet manager, and states that he was "wrongful (sic) terminated because of [his] race and age in bad faith," that there was some "denial of grievance due process," and that there was a "denial [of] rights to appeal final determination inquiry directive."   (Docket no. 1 at 1-2.)   He alleges that he was terminated but that he "complied with all policies rules and regulation manual (sic)."  (*Id.* at 2.)

Upon receipt of Plaintiff's Complaint, the Court ordered him to file a copy of any prior

1

EEOC charge letters.  (Docket no. 4.)  Plaintiff then filed his EEOC charge letter, which alleges that he began working for Defendant C.R. England on January 6, 2015, and that on or about February 1, 2016, he was "informed by [Defendant Hardin] that [he] was no longer needed and [he] was sent home."  (Docket no. 5 at 3.)  Plaintiff alleges that he is "aware of a similarly situated younger Truck Driver who was not treated in the same manner" and that he was, therefore, "terminated because of [his] age (76) and [his] national origin (African)."  (*Id.*)

Apparently recognizing that Defendant C.R. England was not included in this matter as a defendant, Plaintiff filed a Motion to remedy the error.  (Docket no. 6.)  On January 21, 2016, the Court granted Plaintiff's Motion and added C.R. England as a Defendant in this matter.  (Docket no. 11.)  Additionally, the Court ordered Plaintiff to file an Amended Complaint adding C.R. England as a Defendant and informed Plaintiff that "if [he] seeks service by the United States Marshall, he must file a Motion requesting service of his Amended Complaint."  (*Id.* at 1-2.)  Plaintiff filed his Amended Complaint on February 10, 2016, alleging that Defendant C.R. England committed "deceptive and unfair business practice," and he reiterated his prior statements regarding wrongful discharge.  (Docket no. 15.)  Additionally, Plaintiff states that he seeks "an amount greater than $50.000.00" and "a remedy fair and just."  (*Id.* at 2.)

To date, Plaintiff has not sought service of his Amended Complaint on Defendant C.R. England.  Moreover, the United States Marshall's attempts to serve Defendant Hardin have been returned to the Court with notice that the individual's actual name is "Justin Hardy" and that C.R. England will not accept service on his behalf because he no longer works for the company.  (*See* docket no. 14.)

28 U.S.C. § 1915(e)(2)(B) states that a district court has a duty to dismiss at any time a case

2

in which the plaintiff is proceeding *in forma pauperis* if it determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are "fantastic or delusional" or if it is based on legal theories that are indisputably meritless. *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). A complaint fails to state a claim on which relief may be granted if fails to contain facts sufficient to state a claim to relief that is plausible on its face. *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir.2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 570 (2007)).

In this case, even viewing the limited factual allegations in the light most favorable to Plaintiff, Plaintiff's filings fail to set forth facts sufficient to state any plausible claim against either Defendant. While the Court can determine the general legal bases for Plaintiff's allegations through his statements of "wrongful (sic) terminated because of [his] race and age in bad faith," "[t]hreadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). Here, Plaintiff's filings contain conclusory statements of wrongful discharge without any supporting factual allegations. Accordingly, the undersigned recommends that Plaintiff's case be *sua sponte* dismissed under 28 U.S.C. § 1915(e)(2)(B).

### III. Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 10, 2016             s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served on Plaintiff, Mose A. El and Counsel of Record, on this date.

Dated: March 10, 2016             s/ Lisa C. Bartlett
                                  Case Manager