UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOSE A. EL,

    Plaintiff,

vs.

JUSTIN HARDIN, et al.,

    Defendants.

_____/

Case No. 15-13941
HON. GEORGE CARAM STEEH
MAG. JUDGE MONA K. MAJZOUB

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION (DOC. 16) AND DENYING PLAINTIFF'S
MOTION TO WAIVE SERVICE OF PROCESS FEE (DOC. 21)**

This matter is before the court on plaintiff Mose A. El's objections to Magistrate Judge Majzoub's Report and Recommendation (Doc. 16) and on plaintiff's "Motion for/to Set Aside and Waive Service of Process Fee." (Doc. 21). Plaintiff brings this complaint against defendants claiming he was wrongfully terminated under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. On March 10, 2016, Magistrate Judge Majzoub issued a Report and Recommendation recommending that plaintiff's complaint be dismissed without prejudice. Plaintiff filed objections to the Report and Recommendation. Plaintiff also recently filed a "Motion for/to Set Aside and Waive Service of Process Fee," asking the court to waive the service of process fees and "delete information on [his] credit report." (Doc. 21, Pg ID 47). Plaintiff did not establish a detailed factual record, but the limited facts available to the court are set forth in Magistrate Judge Majzoub's Report and Recommendation, and, upon review of the record, the court accepts the recitation of the facts set forth

-1-

there as the factual findings of this court. The court has reviewed the file, record, and Magistrate Judge Majzoub's Report and Recommendation and ACCEPTS the magistrate judge's recommendations. The court also GRANTS plaintiff's motions to waive the service of process fees.

**A. Service of Process Fees**

Plaintiff requests that the court waive the $78.00 that has been charged to plaintiff for service of process by the U.S. Marshal. (Doc. 14). Magistrate Judge Majzoub previously granted a motion allowing plaintiff to proceed *in forma pauperis* (IFP) and ordered the U.S. Marshal to serve the complaint on defendants. (Doc. 4; Doc. 9). Plaintiff argues that, pursuant to this order, he should not have to pay the service of process fees.

The IFP statute does not entirely excuse payment of fees for those plaintiffs who are granted IFP status. 28 U.S.C. § 1915(a). It merely excuses *pre*-payment of fees. *Id.*; *see also Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) ("[A]ll § 1915(a) does for any litigant is excuse the *pre*-payment of fees. Unsuccessful litigants are liable for fees and costs and must pay when they are able."); In re *Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997). It is for the court to decide whether a plaintiff with IFP status is entirely exempt from paying fees. Magistrate Judge Majzoub ordered the U.S. Marshal to "effect service without *prepayment* of the usual costs for such service." (Doc. 9) (emphasis added). The order said nothing about waiving the fees entirely. Nevertheless, upon review of plaintiff's IFP application, the court will waive the service of process fee entirely.

Plaintiff also requests that the court "delete information on [his] credit report."

-2-

(Doc. 21, Pg ID 47). The court does not have the ability to delete information on a person's credit report and can, therefore, not accommodate this request. Plaintiff's motion to waive service of process fees is GRANTED.

**B. Report and Recommendation**

*1. Standard of Review*

"A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). A district court need not conduct de novo review where the objections are "[f]rivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*per curium*) (citation omitted).

Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Sec'y of Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted); *see also Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted) (explaining that if the Commissioner's decision is supported by substantial evidence, "it must be affirmed even

if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion"); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir.1986) (*en banc*) (noting that the substantial evidence standard "presupposes ... a zone of choice within which the decisionmakers can go either way, without interference by the courts") (internal quotation marks and citation omitted).

*2. Analysis*

On March 25, 2016, plaintiff timely objected to Magistrate Judge Majzoub's Report and Recommendation. Plaintiff's objection, however, is generalized, ambiguous, and does not establish a sufficient basis for this court to overrule the Report and Recommendation. Plaintiff's primary objection is as follows:

> [Plaintiff] objects to a determination that the action fail to state a claim for which relief can be granted and persecuted against C.R. England; (Hardin) is longer works C.R. England.
>
> note: The fact is C.R. England did terminate my employment because of my race, color and age. I was a model employee. . . .

(Doc. 17, Pg ID 39-40) (errors in original).

Only specific objections are entitled to *de novo* review; vague and conclusory objections amount to a complete failure to object as they are not sufficient to pinpoint those portions of the report and recommendation that are legitimately in contention. *Mira*, 806 F.2d at 637. Plaintiff has not presented specific objections, only vague and conclusory statements.

Accordingly,

IT IS HEREBY ORDERED that the Magistrate Judge's report and recommendation be accepted.

IT IS FURTHER ORDERED that plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the $78.00 charged to plaintiff for service of process is waived.

Dated: July 1, 2016

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 1, 2016, by electronic and/or ordinary mail and also on Mose A. El, 48711 Denton Rd #22, Belleville, MI 48111.

s/Barbara Radke
Deputy Clerk

---